IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2072-D

| | |
|---|---|
| ERIC PEARSON LEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN TRACY JOHNS, ) | |
| ) | |
| Respondent. ) | |

Eric Pearson Lee ("Lee" or petitioner), a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On August 12, 2010, the court reviewed Lee's petition and allowed the action to proceed [D.E. 3]. On September 2, 2010, respondent filed a motion to dismiss [D.E. 7]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Lee about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 9]. On October 8, 2010, Lee filed a response in opposition [D.E. 13]. On November 2, 2010, Lee filed a motion to expedite [D.E. 14].

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal

conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

On November 5, 1998, in the Middle District of North Carolina, Lee pleaded guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). See Pet. ¶¶ 2–5; United States v. Lee, No. 1:98-CR-282-JAB, [D.E. 11] (M.D.N.C. Nov. 5, 1998). The court sentenced Lee to a term of imprisonment of 240 months, the mandatory statutory minimum. See Pet. ¶ 4; Lee, No. 1:98-CR-282-JAB, [D.E. 15] (M.D.N.C. May 14, 1999). Lee appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. United States v. Lee, 202 F.3d 261, 2000 WL 6150 (4th Cir. 2000) (per curiam) (unpublished table decision); see Pet. ¶¶ 7–8.

On November 24, 2000, Lee filed a motion to vacate his sentence under 28 U.S.C. § 2255. Lee, No. 1:98-CR-282-JAB, [D.E. 49] (M.D.N.C. Nov. 24, 2000). On November 27, 2001, the court denied Lee's section 2255 motion. Lee, No. 1:98-CR-282-JAB, [D.E. 66] (M.D.N.C. Nov. 27, 2001). Lee appealed, and the Fourth Circuit dismissed the appeal. United States v. Lee, 33 F. App'x 134, 135 (4th Cir. 2002) (per curiam) (unpublished).

Between February 7, 2003, and October 15, 2010, Lee filed various motions in his criminal case, including multiple motions for relief from judgment and a motion for modification of sentence under 18 U.S.C. § 3582(c)(2), all of which have been denied. See, e.g., Lee, No. 1:98-CR-282-JAB,

2

[D.E. 84, 87, 99, 104–05, 116–17, 119, 124, 130–31, 135] (M.D.N.C.). Lee has also filed two additional appeals, which have been unsuccessful. United States v. Lee, 122 F. App'x 641 (4th Cir. 2005) (per curiam) (unpublished); United States v. Lee, 224 F. App'x 310 (4th Cir. 2007) (per curiam) (unpublished).

All of Lee's litigation efforts — including the habeas petition before this court — relate to a single assertion: that the sentencing court incorrectly calculated his criminal history by assigning a criminal history point for a crime of which Lee was not actually convicted. See Pet. ¶ 10; Lee, No. 1:98-CR-282-JAB, [D.E. 130] at 4 (M.D.N.C. Aug. 16, 2010) (unpublished). Specifically, Lee contends that he was assigned a criminal history point for a prior state felony drug conviction which was actually a misdemeanor conviction for disorderly conduct. Mem. Supp. Pet. 3–4.

Although Lee filed this action pursuant to 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. Lee's claim that the sentencing court incorrectly calculated his criminal history is cognizable under 28 U.S.C. § 2255 rather than section 2241. See, e.g., Bender v. Ziegler, No. 1:10cv78, 2010 WL 3835600, at *2 (N.D. W. Va. Sept. 28, 2010) (unpublished); Lee, No. 1:98-CR-282-JAB, [D.E. 130] at 3 (M.D.N.C. Aug. 16, 2010) (unpublished).

Lee must challenge the legality of his conviction and sentence under section 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate or ineffective to test the legality of a conviction when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of

3

which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Lee has not demonstrated that section 2255 is an "inadequate or ineffective" remedy, and he may not proceed on his claim under section 2241. Moreover, Lee raised his contention concerning the details of his prior conviction at sentencing, and both the sentencing court and the Fourth Circuit rejected his contention. Lee, 2000 WL 6150, at *1; see also Lee, No. 1:98-CR-282-JAB, [D.E. 130] at 3 (M.D.N.C. Aug. 16, 2010) (unpublished).

For the reasons stated, the court GRANTS respondent's motion to dismiss [D.E. 7] and DENIES AS MOOT petitioner's motion to expedite [D.E. 14]. Petitioner's application for habeas corpus relief is DISMISSED. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This _6_ day of May 2011.

JAMES C. DEVER III
United States District Judge

4

Case 5:09-hc-02072-D   Document 17   Filed 05/06/11   Page 4 of 4